**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TIMOTHY WINEY, | DOCKET NUMBER |
| Appellant, | DC-300A-17-0280-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: April 20, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy Winey, Suffolk, United Kingdom, pro se.

Schwanda Rountree, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of an alleged employment practice. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 During the adjudication of a related individual right of action appeal, the appellant raised an employment practices claim. The administrative judge docketed the employment practices claim as a separate appeal. After affording the appellant an opportunity to establish the Board's jurisdiction over the appeal and considering the parties' responses, the administrative judge issued an initial decision that dismissed the appeal on the written record without granting the appellant his requested hearing. Initial Appeal File (IAF), Tabs 2, 22. The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not responded to the petition for review.

¶3 An applicant for employment who believes that an employment practice applied to him by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010); 5 C.F.R. § 300.104(a). The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: First, the appeal must concern an employment practice that OPM is involved in administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser*,

113 M.S.P.R. 403, ¶ 6. "Employment practices," as defined in OPM's regulations, "affect the recruitment, measurement, ranking, and selection" of applicants for positions in the competitive service. 5 C.F.R. § 300.101. The appellant's concerns are about the agency's actions while he was employed by the agency, not questions about how it arrived at its decision to select one candidate over another. Thus, he has not identified an employment practice subject to review by the Board.

¶4 Second, the appellant has not alleged that an employment practice was applied to him by OPM, as required by 5 C.F.R. § 300.104(a), or that a valid employment practice administered by OPM was misapplied to him by the agency. *Sauser*, 113 M.S.P.R. 403, ¶ 7. In fact, the appellant contends that the agency implemented a particular training program *without* obtaining OPM's approval. IAF, Tab 7 at 4. Therefore, the appellant does not even contend that OPM was involved in the alleged employment practice under appeal.

¶5 Third, the appellant has not alleged that an employment practice applied to him violates one of the basic requirements contained in 5 C.F.R. § 300.103. Finally, the alleged violations concern matters related to his employment and termination from employment, not to his status as an applicant for employment prior to his selection. Only "candidates" may bring employment practices appeals to the Board under 5 C.F.R. § 300.104(a). *National Treasury Employees Union v. Office of Personnel Management*, 118 M.S.P.R. 83, ¶ 9 (2012). Therefore, the appellant has not raised a cognizable employment practices claim within the Board's jurisdiction.

¶6 On review, the appellant asserts that the agency committed the following appealable employment practices: it implemented an illegal scheme to train managers how to remove "vulnerable employees"; the agency and the Office of Special Counsel obstructed the appellant's rights under the Freedom of Information Act (FOIA); the deciding official in the appellant's removal was a "proven crook" who was removed in part because of the appellant's protected

disclosures; and the appellant was supervised by managers who were being investigated by the Inspector General pursuant to a complaint that the appellant initiated. PFR File, Tab 1 at 7. None of these assertions relate to "the recruitment, measurement, ranking, and selection" of applicants for positions in the competitive service. 5 C.F.R. § 300.101. Moreover, none of these allegations overcome the fact that the appellant is pursuing issues that arose when he was an employee and/or after his separation; because only a candidate for employment can file an employment practices appeal, the appellant's status as an employee and later a former employee is fatal to his appeal.

¶7        The remaining more than 280 pages of the appellant's petition for review purport to be electronic mails, correspondence, and other documents pertaining to the appellant's removal, FOIA requests, and his actions in furtherance of his litigation against the agency. The appellant has not provided copies of any original documents. Instead, he appears to have cut-and-paste excerpts of other documents into the body of his petition for review. There is no way to verify that any of these insertions are either accurate or complete versions of the documents they purport to cite and therefore, they do not constitute evidence. Moreover, it appears that all of these insertions concern alleged documents that substantially pre-date the close of the record below, and some of them appear to duplicate similar pleadings already in the record. Therefore, we need not consider this portion of the appellant's petition for review. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already a part of the record is not new); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶8        More importantly, none of these insertions appear to involve claims that the appellant was subjected to "employment practices" as defined in 5 U.S.C. § 300.101 while he was a candidate for employment. The Board will not grant a

petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Therefore, even if we were to consider these insertions, they do not warrant an outcome different from that of the initial decision.

¶9 The appellant asserts that the administrative judge's rulings show that she was biased against him. PFR File, Tab 1 at 7. There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias; the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). The appellant has made no such showing.

¶10 Finally, on March 1, 2018, the appellant filed a pleading titled "Motion to Waive Jurisdiction for DC-300A-17-0280-I-1." PFR File, Tab 3. The Clerk of the Board issued an order informing the appellant that it appeared that his pleading may constitute a request to withdraw his petition for review and it ordered the appellant to submit a pleading confirming his request to withdraw his petition for review if that was his intent. PFR File, Tab 4. The appellant did not respond to the Clerk's order and we find that he did not intend to withdraw his petition for review.

¶11 Accordingly, we find that the administrative judge correctly dismissed this employment practices appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.